# IN THE COURT OF APPEALS OF IOWA

No. 19-0617
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HIRAM ARIZMENDI,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.

Defendant appeals his conviction and sentence for lascivious acts with a

child. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Hiram Arizmendi appeals his conviction and sentence for lascivious acts with a child. The district court gave adequate reasons for Arizmendi's sentence. We find the district court did not abuse its discretion in sentencing Arizmendi to a term of imprisonment. The court did not rely on clearly untenable or unreasonable grounds for the sentence. We affirm Arizmendi's conviction and sentence.

## I.     Background Facts & Proceedings

Arizmendi was charged with three counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) (2018), and two counts of lascivious acts with a child, in violation of section 709.8(1)(A).

Arizmendi entered into a guilty plea in which he agreed to plead guilty to one count of lascivious acts with a child and the State agreed to dismiss the other charges. The parties were free to make their own sentencing recommendations. The court accepted Arizmendi's guilty plea.

At the sentencing hearing, victim impact statements were presented by the victim, who was nine years old, and the victim's mother. The State requested Arizmendi be sentenced to ten years in prison. The defendant asserted that he had accepted responsibility for his action. He asked to be placed on probation. The presentence investigation report (PSI) recommended Arizmendi be sentenced to ten years in prison. The court sentenced Arizmendi to a term of imprisonment not to exceed ten years. Arizmendi now appeals, claiming the court abused its discretion in sentencing him to prison.[1]

---

[1] Recent legislation "denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class 'A' felony or in a case where a defendant

## II. Standard of Review

We review a district court's sentencing decision for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* We will not find an abuse of discretion "unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* Where a challenged sentence falls within the statutory parameters, this court presumes it valid and only overturns for an abuse of discretion or reliance on inappropriate factors. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) (citing *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013).

## III. Discussion

Arizmendi argues the district court did not give adequate reasons for sentencing him to prison rather than placing him on probation.

Under Iowa Rule of Criminal Procedure 2.23(3)(d), a court must "state on the record its reason for selecting the particular sentence." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "This requirement ensures defendants are well aware of the consequences of their criminal actions." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). "Most importantly, the sentence statement affords our appellate courts the opportunity to review the discretion of the sentencing

---

establishes good cause." *State v. Draine*, 936 N.W.2d 205, 206 (Iowa 2019) (citing 2019 Iowa Acts ch. 140, § 28). The effective date for this legislation is July 1, 2019. The statute is not applied retroactively and is not applicable in this appeal. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding.

court." *Id.* The district court may satisfy this requirement either by stating its reasons orally on the record or by including the reasons in its written sentencing order. *Id.* "[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

The district court gave a lengthy recitation of its reasons for Arizmendi's sentence:

> I've considered all the sentencing options that are available to me in chapters 901 and 907 of the Iowa Code in my judgment relative to sentencing based on that sentence which will provide you the maximum opportunity to rehabilitate yourself while at the same time protecting the community from further offenses by you or others who are similarly situated.
>
> I can tell you I am not considering your immigration status or any prior indication in the record or otherwise concerning deportation in my determination of this sentence.
>
> I have considered your age, your education that I'm aware of as reflected in the presentence investigation report, your prior criminal history. I've considered your employment circumstances, family circumstances that I'm aware of on the record and that's available to me through the presentence investigation report. The nature of the offense committed, and the harm to the victim, the underlying facts that provided a basis for the charge that you pled guilty to, the need for protecting the community. I considered the recommendations that have been made by the State as well as by your attorney as well as the recommendation in the PSI.
>
> After considering—I've also considered some indications of substance abuse or alcohol abuse history and problem and the need to deter you and others who are similarly situated from engaging in conduct that provide the basis of fact for this offense.
>
> In doing so, I believe that the appropriate sentence is the imposition of an indeterminate sentence of ten years, and I will order that accordingly.

The court stated it considered all available sentencing options, as it is required to do. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The

court, however, is not required to discuss each particular sentencing option. *See id.* ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."). We find the court gave adequate reasons for sentencing Arizmendi to prison. The court noted "[t]he nature of the offense committed, and the harm to the victim, the underlying facts that provided a basis for the charge that you pled guilty to, [and] the need for protecting the community." This statement is sufficient, as it "does not prevent review of the exercise of the trial court's sentencing discretion.'" *See Thacker*, 862 N.W.2d at 408.

In addition to his argument concerning the adequacy of the reasons for the sentence, Arizmendi claims the district court abused its discretion by sentencing him to prison. He asserts he should have been placed on probation because he fully accepted responsibility for his actions, he spent 231 days in jail, and his problems arose from substance abuse.

"Sentencing courts in Iowa generally have broad discretion to rely on information presented to them at sentencing." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019). We will not find an abuse of discretion unless the court "exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "If the evidence supports the sentence, the district court did not abuse its discretion." *Id.* at 24–25.

In sentencing Arizmendi, the court considered his age, his education, his prior criminal history, his employment, and his family circumstances. The court also considered the nature of the offense, the harm to the victim, the factual circumstances of the offense, and the need to protect the community. Moreover,

the court considered the recommendations made by the prosecutor, the defendant, and the PSI. We find the district court did not abuse its discretion in sentencing Arizmendi to a term of imprisonment. The court did not rely on clearly untenable or unreasonable grounds in determining the sentence.

We affirm Arizmendi's conviction and sentence for lascivious acts with a child.

**AFFIRMED.**